Andre L. Verdun (SBN 265436)
**CROWLEY LAW GROUP**
401 West "A" Street, Ste. 925
San Diego, CA 92101
Tel. (619) 238-5700
Fax. (866) 786-6993
AndreVerdun@CrowleyLawGroup.com

Eric A. LaGuardia (SBN 272791)
**LAGUARDIA LAW**
3245 University Ave, #1
San Diego, CA 92104
Tel.  (619) 655-4322
Fax.  (619) 655-4344
eal@laguardialaw.com

Attorneys for Plaintiff,
Theresa Amundsen

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA AMUNDSEN, an individual,<br><br>       Plaintiff,<br><br>   vs.<br><br>LAW OFFICE OF PATENAUDE & FELIX, A.P.C.; NATIONAL COLLEGIATE TRUST; and DOES 1-10,<br><br>       Defendants. | Case No.:  '14CV2099 W    BLM<br><br>**COMPLAINT FOR DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

- 1 -

COMPLAINT

## INTRODUCTION

1. This is an action for damages brought by an individual consumer against Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1337. Because Defendants do business within the State of California, personal jurisdiction is established.

3. Venue is proper pursuant to 28 U.S.C. 1391.

## PARTIES

4. Plaintiff, THERESA AMUNDSEN ("Plaintiff"), is a natural person residing in the State of California.

5. Defendant LAW OFFICE OF PATENAUDE & FELIX, A.P.C., ("P&F"), is a company doing business collecting debts in California operating from an address at 4545 Murphy Canyon Rd., 3rd FL, San Diego, California 92123.

6. On information and belief, Plaintiff alleges Defendant NATIONAL COLLEGIATE TRUST, ("NCT"), is a Delaware business trust that holds the alleged debt at issue herein and operates from an address located at 466 Lexington Ave., New York, NY10017-3140. NCT is a third party debt buyer and therefore regulated by the FDCPA.

7. Defendant P&F is engaged in the collection of debts from consumers using the mail and telephone and regularly attempt to collect consumer debts alleged to be due to another.

8. Defendant P&F is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

9. Defendants are all entities or individuals who contributed to or

1  participated in, or authorized the acts or conspired with the named
2  Defendants to commit the acts and do the things complained of which
3  caused the injuries and damages to Plaintiff as set forth below. Each of the
4  parties, named and fictitious, acted as principal and agent, each of the
5  other, and combined and concurred each with the other in committing the
6  acts that injured the Plaintiff.
7    10.  Plaintiff is a "consumer" as defined by the 15 U.S.C. 1692a(3) and the
8  personal debt involved, a student loan, is a consumer debt.

## FACTUAL ALLEGATIONS

***MISREPRESENTATION IN LAWSUIT***

11.  On or about September 5, 2013 Defendants, jointly, sued Plaintiff in California state court in the case of *NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-4, A DELAWARE STATUTORY TRUST(S) v. THERESA AMUNDSEN*, 37-2013-00065716-CL-CL-CTL. That complaint is attached as "EXHIBIT A" ("state case").

12.  A debt collection complaint is a communication under the FDCPA.

13.  In the state case attached as Exhibit A, Defendants did not list any other creditor other than NCT on the complaint.

14.  Defendant thereby represented that NCT was the original creditor, and that the remaining defendants were collecting on behalf of the original creditor. The original creditor is JPMorgan Chase and not NCT.

15.  The "least sophisticated debtor" would in fact be confused or mislead as to the identity of the "original creditor" on the account alleged by NCT in the above state complaint attached as Exhibit A. See, *Thomas v. Portfolio Recovery Associates LLC* (S.D. Cal., Aug. 12, 2013, 12CV1188-WQH-WMC) 2013 WL 4517175; and *Heathman v. Portfolio Recovery Assocs., LLC*, No. 12–CV–515–IEG–RBB, 2013 WL 3746111, at *1, *4 (S.D.Cal. July 15, 2013), for example.

16. In the lawsuit attached as exhibit A, defendants alleged that the debt between NCT and Plaintiff had been breached within the last four years. In truth, the breach of any contract would have been prior to four years as defendants had claimed. In fact, P&F and NCT knew the contract had not been breached within four years of filing the lawsuit attached as exhibit A.

17. The "least sophisticated debtor" would in fact be confused or mislead as to whether NCT could prove that the alleged contract NCT had alleged was breached by Plaintiff could be actionable under California law. Moreover, NCT and defendants caused confusion as to which debt they were collecting on, considering the alleged contract, if breached, would not have been breached in the last 4 years, as claimed by defendants in the above state complaint attached as Exhibit A.

18. Each of the above misrepresentations are material misrepresentations, in violation of federal law. *Thomas v. Portfolio Recovery Associates LLC* (S.D. Cal., Aug. 12, 2013, 12CV1188-WQH-WMC) 2013 WL 4517175; and *Heathman v. Portfolio Recovery Assocs., LLC*, No. 12–CV–515–IEG–RBB, 2013 WL 3746111, at *1, *4 (S.D.Cal. July 15, 2013).

**ILLEGAL SERVICE OF PROCESS**

19. Plaintiff was never served with the summons and complaint. Plaintiff was not aware of the lawsuit until Defendant P&F sent her a letter notifying her of the lawsuit.

20. Plaintiff obtained a copy of the proof of service that was filed with the Court, which described a person that was not her.

21. Plaintiff immediately contacted Defendant and notified Defendant that the person described on the proof of service was not her, and that she was never served a copy of the summons and complaint as stated in the proof of service, and had no knowledge of the lawsuit prior to getting their letter.

COMPLAINT

22. Defendant P&E, while representing P&F, told Plaintiff that matters related to failure to properly serve her had to be addressed directly with the court.

23. Knowing that P&E and NCT did not properly serve Plaintiff, Defendant P&E, representing NCT, then demanded Plaintiff make a payment on the judgment they had illegally obtained against Plaintiff.

24. Plaintiff then terminated the call.

25. The conduct of defendants caused actual and severe damages. Plaintiff reports family strife, stress, anxiety, change in appetite and sleeping habits, all from the false, illegal and abusive debt collection conduct used by Defendant to coerce Plaintiff into paying the debt they were attempting to collect.

## *CAUSES OF ACTION*

### COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

### 15 U.S.C. §§ 1692 ET SEQ.

### (Against All Defendants)

26. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the below cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.:

- 15 US. C. § l 692e by making a false, deceptive or misleading misrepresentation in the collection of a debt;
- 15 US.C. §1692e(2) by misrepresenting the legal status of a debt;
- 15 US.C.§1692e(5) by threatening to take an action that cannot legally be taken;

1   ➢ 15 US.C. §1692e by use of a false representation or deceptive
2    means to collect a debt;
3   ➢ 15 US. C. § 169f(1) by collection of an amount not expressly
4    authorized by an agreement creating a debt, or by law.
5  27.  As a result of each and every violation of the FDCPA, Plaintiff is
6 entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
7 statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. §
8 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15
9 U.S.C. § 1692k(a)(3) from Defendants.

## COUNT II

## ROSENTHAL FAIR DEBT COLLECTIONS PRACTICES ACT

## (ROSENTHAL ACT)

## CAL. CIV. CODE §§ 1788-1788.32

## (Against All Defendants)

15  28.  Plaintiff repeats, re-alleges, and incorporates by reference, all other
16 Paragraphs.
17  29.  The foregoing acts and omissions constitute numerous and multiple
18 violations of the Rosenthal Act, including but not limited to each and every
19 one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§
20 1788-1788.32.
21  30.  As a result of each and every violation of the Rosenthal Act, Plaintiff
22 is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a);
23 statutory damages for a knowing or willful violation in the amount up to
24 $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable
25 attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from
26 Defendants.
27 / / /
28 / / /

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants, and Plaintiff be awarded damages from Defendants, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of actual damages pursuant to Cal. Civ. Code § 1788.30(a);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c); and
- Any other relief that the court deems proper.

Dated:  September 4, 2014         **CROWLEY LAW GROUP**

   s/Andre L. Verdun
ANDRE L. VERDUN
ERIC A. LAGUARDIA
Attorneys for Plaintiff,
Theresa Amundsen

- 7 -

COMPLAINT

## **DEMAND FOR JURY TRIAL**

Plaintiff does, by and through counsel of record, demand and is entitled to a trial by jury.

Dated: September 4, 2014         **CROWLEY LAW GROUP**

   s/Andre L. Verdun
ANDRE L. VERDUN
ERIC A. LAGUARDIA
Attorneys for Plaintiff,
Theresa Amundsen